UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TWALLA JEAN ROBERTSON,<br><br>                              Plaintiff,<br><br>               -against-<br><br>NASA; BILL NELSON,<br><br>                              Defendants. | 23-CV-8723 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action alleging that the National Aeronautics and Space Administration ("NASA") and its administrator, Bill Nelson, have subjected her to cruel and unusual punishment. By order dated March 5, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses the complaint for the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff, who resides in Calhoun, Alabama, brings her claims using the court's general complaint form. Named as Defendants are NASA and Bill Nelson, NASA's administrator. Plaintiff checks the box on the form to invoke the court's federal question jurisdiction. In response to the question asking which of her federal constitutional or federal statutory rights have been violated, she writes, "Cruel and Unusual Punishment." (ECF 1, at 2.)[1]

Plaintiff alleges the following as her statement of claim,

> For the past 46 years I have been a part of NASA experimental research pertaining to the 144,0000 mentioned in biblical reference. In these experiments they insterted alien DNA into human DNA and created a sub human species. For the past 5 years after I lost potential placement with the company I have been stalked across the country. From what I understand I am on a blacklist and am considered to be a national security breech. Rico crimes have been violated in my case and my children were taken from me without due reason to participate in their research. I am above avergae IQ and should have proper treatment and financial restitution for these crimes. I consider it crimes against humanity at this point and am tired of felling from city to city for my life. Due to the circumstances I am unable to hire an attorney and will be filing the motions on my own behalf. I ask the court to have lienancy as the institution has put me into these financial constraints and I am fighting for justice for my family.

(*Id.* at 5.) After the statement, Plaintiff writes "Church of Symrna Secret 7." (*Id.*)

Plaintiff seeks money damages for the alleged violations.

## DISCUSSION

**A.    Plaintiff's claims are frivolous**

Under the IFP statute, a court must dismiss an action if it determines that the action is frivolous. 28 U.S.C. §1915(e)(2)(B)(i). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible. . . ." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A complaint is "'factually frivolous' if the sufficiently well-

---

[1] The Court quotes from the complaint verbatim. All other spelling, grammar, and punctuation are as in the original unless otherwise indicated.

pleaded facts are 'clearly baseless' − that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32-33) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (stating a claim is frivolous when it "lacks an arguable basis either in law or in fact"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop*, 642 F.3d at 368.

Plaintiff brings claims premised on her belief that she has been a subject of NASA's "experimental research," in which alien DNA has been inserted into her body to create a "sub human species." (ECF 1, at 5.) She also believes that her children were taken away to participate in this research. However, a "[p]laintiff's beliefs − however strongly [s]he may hold them − are not facts." *Morren v. New York Univ.*, No. 20-CV-10802 (JPO) (OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report & recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022). Plaintiff provides no factual basis for her assertions that NASA and Nelson have subjected her and her children to experimental research involving alien DNA. *See Lefkowitz v. John Wiley & Sons, Inc.*, No. 13-CV-6414 (KPF), 2014 WL 2619815, at *10 (S.D.N.Y. June 2, 2014) (complaint must set forth facts showing a basis for information and belief).

The Court finds that Plaintiff does not provide any plausible factual support for her claims and, consequently, they rise to the level of the irrational. *See Livingston*, 141 F.3d at 437. Plaintiff has provided the court with allegations that she may believe to be true but that are

implausible. She has pleaded no factual predicate in support of her assertions; her allegations amount to conclusory claims and suspicions, and must be dismissed as frivolous. *See Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (summary order) (holding that "the district court did not err in *sua sponte* dismissing the complaint as frivolous," based on the plaintiff's allegations that he had "been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him"); *Khalil v. United States*, Nos. 17-CV-2652, 17-CV-5458, 2018 WL 443343, at *4 (E.D.N.Y. Jan. 12, 2018) (dismissing complaint where "[p]laintiff allege[d] a broad conspiracy involving surveillance of and interference with his life by the United States and various government actors" because his allegations were "irrational and wholly incredible" (footnote omitted)).

**B.     Leave to amend denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because it appears that the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the complaint as frivolous. *See* § 1915(e)(2)(B)(i).

## CONCLUSION

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated: April 15, 2024
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge